USCA1 Opinion

 

 [NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT] United States Court of Appeals For the First CircuitNo. 98-1666 YEMI ONAYEMI, Plaintiff, Appellant, v. MED MANAGEMENT, Defendant, Appellee. APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Robert E. Keeton, U.S. District Judge] Before Selya, Stahl and Lynch, Circuit Judges.   Yemi Onayemi on Motion for Reactivation/Reconsideration prose.October 13, 1998   Per Curiam. We grant appellant's motion to reinstate this appeal. However, the appeal is limited to the district court's denial of appellant's motion for examination of special issues since this is the only order as to which the May 26, 1998 notice of appeal (the sole notice of appeal in the record) is timely. Because the appeal of this order does not present a substantial question, we dispose of it now. As this motion essentially sought further discovery, we treat it as one filed under Fed. R. Civ. P. 56(f). To be entitled to Rule 56(f) relief, a party "must (1) articulate a plausible basis for the belief that discoverable materials exist which would raise a trialworthy issue and (2) demonstrate good cause for failure to have conducted discovery earlier."  Reid v. State of New Hampshire, 56 F.3d 332, 341 (1st Cir. 1995) (internal quotation marks and citation omitted). The district court's denial of such a motion is reviewed for abuse of discretion. Public Serv. Co. of New Hampshire v. Hudson Light & Power Dep't, 938 F.2d 338, 346 (1st Cir. 1991). It is plain that appellant has not met the second requirement in this case. That is, he failed to provide anyexplanation in the motion as to why he waited over two months after the district court had entered summary judgment to request further discovery. We find, as a result, that the district court did not abuse its discretion in denying the motion.  -2- The judgment of the district court is summarily affirmed. See Local Rule 27.1.